## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jesus L.R.V., | Civil No. 26-1047 (DWF/ECW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| Mike Jambor, *Warden, Kandiyohi County Jail, in their official capacities*; David Easterwood, *Bloomington Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO); U.S. Immigration and Customs Enforcement, in their official capacities*; Kristi Noem, *Secretary of the Department of Homeland Security; U.S. Department of Homeland Security (DHS), in their official capacities*; Pamela Bondi, *Attorney General of the United States, in their official capacities*; and Todd Lyons, *Director, Immigration and Customs Enforcement, in their official capacities*, | |
| Respondents. | |

### INTRODUCTION

This matter is before the Court on Petitioner Jesus L.R.V.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition"). (Doc. No. 1.) Respondents oppose the Petition. (Doc. No. 7.) For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a citizen of Mexico who has resided in the United States since June 2003.  (Doc. No. 1 ¶¶ 16-17.)  Petitioner is married and the father of two U.S. citizen children and is his family's sole financial provider.  (*Id.* ¶ 18.)  He has maintained stable long-term employment in Minnesota, including full-time employment at Perkins in Eagan, Minnesota, since August 2010.  (*Id.* ¶ 19.)  Petitioner has no criminal history in the United States or Mexico.  (*Id.* ¶ 20.)

He has both a pending asylum application and derivative U-Visa petition.  (*Id.* ¶ 10.)  At all times, Petitioner has complied with the immigration process, appearing for hearings and maintaining a consistent address and employment.  (*Id.* ¶ 21.)  Petitioner was in active removal proceeding and he and his spouse were scheduled for an individual merits hearing on their asylum petitions on July 1, 2026.  (*Id.* at 1.)

U.S. Immigration and Customs Enforcement agents arrested Petitioner on December 31, 2025, at Perkins, his place of employment, without a warrant.  (*Id.* ¶ 25.)  Petitioner is detained at Kandiyohi County Jail in Willmar, Minnesota.  (*Id.* ¶¶ 1, 6.)

Petitioner filed the Petition on February 4, 2026.  (*Id.* at 8.)  Petitioner asserts that his detention is unlawful because it violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act.  (*Id.* ¶¶ 28-32.)  Petitioner requests, among other things, immediate release from detention or an order requiring Respondents to provide him with a bond hearing.  (*Id.* at 7-8.)  On February 4, 2026, the Court ordered Respondents to answer the Petition on or before February 6, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District

pending further order.  (Doc. No. 6.)  Respondents timely filed a form response.  (Doc. No. 7.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case:  *Avila v. Bondi*, No. 25-3248.  (*See* Doc. No. 7.)  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides

immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly twenty-three years and has a pending application for asylum and pending derivate U-Visa petition.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country").  Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy.  A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment.  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases).  There is no evidence that Respondents had a warrant to arrest Petitioner.  And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 6), Respondents did not do so, (*see* Doc. No. 7).  The Court therefore concludes that Petitioner was arrested without a warrant.  The remedy for a warrantless arrest is immediate release.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive

detention.  The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.     Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.     The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3.     Respondents are **ORDERED** to release Petitioner from custody immediately.

4.     Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5.     Respondents are directed to release Petitioner:

    a.     In Minnesota;

    b.     With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

    c.     Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

    d.     Without any tracking devices; and

      e.      With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6.      Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7.      Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8.      Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 9, 2026        s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge